## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

ESTATE OF CRAIG FERGUSON
by and through his personal
representative, DEBORAH FERGUSON,

**CASE NO. :**

## 09-14192-Civ-MARTINEZ/LYNCH

Plaintiff,

vs.

SHERIFF KEN J. MASCARA, as Sheriff of
ST. LUCIE COUNTY, the ST. LUCIE COUNTY
SHERIFF'S OFFICE and its agents, servants,
employees, employers, officers of St. Lucie
County, Florida, et. al., TODD MESLIN and
RONALD SERAPHIN, individually, and in
their official capacities as Deputy Sheriffs of the
St. Lucie County Sheriff's Office,

Defendants.

_____/

```
FILED by  LH  D.C.
ELECTRONIC

June 16, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D.  OF  FLA. · MIAMI
```

### NOTICE OF REMOVAL

The Defendants, KEN J. MASCARA, Sheriff of St. Lucie County, The ST. LUCIE

COUNTY SHERIFF'S OFFICE, DEPUTY TODD MESLIN, and DEPUTY RONALD SERAPHIN,

hereby file this their Notice of Removal of this action from the Circuit Court of the Nineteenth

Judicial Circuit, in and for St. Lucie County, Florida, where the same is now pending as Case No.08-

CA5469 to the United States District Court, Southern District of Florida, and in support thereof

would allege as follows:

1.    On or about May 26, 2009, Plaintiff, DEBORAH FERGUSON as Personal

Representative for the ESTATE OF CRAIG FERGUSON, filed a Complaint upon which this action

is based in the Circuit Court of the Nineteenth Judicial Circuit, in and for St. Lucie County, Florida.

Summons were issued and served upon the Defendants KEN J. MASCARA, as Sheriff of St. Lucie

1

County, the ST. LUCIE SHERIFF's OFFICE, DEPUTY TODD MESLIN, and DEPUTY RONALD SERAPHIN on or about June 15th, 2009.

2.     Attached hereto as Composite Exhibit "A," and by reference made a part hereof, are copies of pertinent filings as contained in this cause pending before the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida, as above-styled and numbered.

3.     The said action in the Circuit Court is a civil action stating a claim which is removable, as it appears from the record attached hereto as Composite Exhibit "A".

4.     The said claims for relief predicated upon Title 42 U.S.C. §1983 are claims for which this Court has original jurisdiction pursuant to Title 28 U.S.C. §§1331 and 1343(a)(3).

5.     The Complaint in the above state court action also contains state tort claims stemming from the same nucleus of operative fact which are alleged to constitute a violation of the Plaintiffs' civil rights under the United States Constitution.  The state tort claims are removable pursuant to Title 28 U.S.C. § 1441(c).

6.    All defendants who have been served in this action consent to and join in the removal of this matter.

WHEREFORE, the Defendants KEN J. MASCARA, Sheriff of St. Lucie County, The ST. LUCIE COUNTY SHERIFF'S OFFICE, DEPUTY TODD MESLIN, and DEPUTY RONALD SERAPHIN, respectfully request that this matter be removed and that this Honorable Court grant such other further and additional relief as may otherwise be proper.

2

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed to: **ROBERT B. BOYERS, ESQ.**, Hannon & Boyers, P.A., 1395 Brickell Avenue, Suite 980, Miami, FL 33131, this **15<u>th</u>** day of June, 2009.

> PURDY, JOLLY, GIUFFREDA & BARRANCO, P.A.
> Attorneys for Defendants KEN MASCARA, Sheriff of St. Lucie County, TODD MESLIN, & RONALD SERAPHIN
> 2455 East Sunrise Boulevard, Suite 1216
> Fort Lauderdale, Florida 33304
> Telephone (954) 462-3200
> Telecopier (954) 462-3861
>
> BY _____
>      GARRETT S. ELSINGER
>      Florida Bar No.: 91022

3

# COMPOSITE EXHIBIT A

IN THE CIRCUIT COURT OF THE 19TH
JUDICIAL CIRCUIT IN AND FOR
ST. LUCIE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO.: 56 2008 CA 005469 AXXXHC

ESTATE OF CRAIG FERGUSON, by and
through his Personal Representative,
DEBORAH FERGUSON,

   Plaintiff,

v.

SHERIFF KEN J. MASCARA, as Sheriff of
ST. LUCIE COUNTY, the ST. LUCIE
COUNTY SHERIFF'S OFFICE and its
agents, servants, employees, employers,
officers of St. Lucie County, Florida, et al.,
TODD MESLIN and RONALD SERAPHIN,
individually, and in their official capacities as
Deputy Sheriffs of the St. Lucie County
Sheriff's Office,

   Defendants.

               /

## AMENDED COMPLAINT

  The Plaintiff, DEBORAH FERGUSON, as Personal Representative of the Estate

of CRAIG FERGUSON, sues the Defendants, SHERIFF KEN J. MASCARA, as Sheriff

of ST. LUCIE COUNTY, the ST. LUCIE COUNTY SHERIFF'S OFFICE and its agents,

servants, employees, employers, officers of St. Lucie County, Florida, et al., TODD

MESLIN and RONALD SERAPHIN, individually and in their official capacities as

Deputy Sheriffs of the St. Lucie County Sheriff's Office, and alleges as follows:

## GENERAL ALLEGATIONS

  1.  This is a wrongful death action arising out of the violation of the decedent,

CRAIG FERGUSON's constitutional rights under the Fourth and Fourteenth

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL. (305) 358-3109 FAX (305) 373-2823

5 of 29

Amendments of the United States Constitution pursuant to 42 U.S.C. Sections 1983 and 1988, and under Florida tort law, in which the damages at issue exceed One Hundred Thousand Dollars ($100,000), exclusive of interest and costs.

2.      The Plaintiff, DEBORAH FERGUSON, was and is a resident of Broward County, Florida, and has been appointed as the Personal Representative of the Estate of CRAIG FERGUSON.

3.      At all times material, SHERIFF KEN J. MASCARA (hereinafter referred to as "SHERIFF MASCARA"), was and is the elected Sheriff of St. Lucie County, Florida. At all times material hereto, SHERIFF MASCARA was and is responsible for the administration of law enforcement service in St. Lucie County, Florida.

4.      At all times material, SHERIFF KEN J. MASCARA was acting under the color of state law inasmuch as he was serving in the capacity of Sheriff of St. Lucie County and presiding over the St. Lucie County Sheriff's Office on June 28, 2006.

5.      At all times material, SHERIFF MASCARA, as Sheriff, was and is responsible for the conduct of the deputies in his employ and ensuring that his deputies, employees, servants and agents obey the laws of the State of Florida and the United States.

6.      At all times material, the Defendant, ST. LUCIE COUNTY SHERIFF'S OFFICE (hereinafter referred to as the "SLSO"), was and is a law enforcement agency within the State of Florida, and is charged with the responsibility of providing for the protection of life and property of the citizens within St. Lucie County.

7.      The Defendant SLSO, at all times material, acted by and through its deputies, agents, servants, and/or employees, including, but not limited to, SHERIFF KEN J. MASCARA, Deputy Sheriff TODD MESLIN, and Deputy Sheriff RONALD

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

2

6 of 29

SERAPHIN, and the law enforcement officers of Defendant SLSO, who at all times conducted themselves within the course and scope of their employment and/or agency relationships and were acting under color of state law when they stopped and attempted to arrest CRAIG FERGUSON on June 28, 2006.

8.　　At all times material, the Defendant, Deputy Sheriff TODD MESLIN (hereinafter referred to as the "Defendant MESLIN"), was and is a duly appointed Deputy Sheriff of St. Lucie County, and was employed by the Defendant SLSO. At all times material hereto, Defendant MESLIN was acting under color of state law inasmuch as he was acting within the course and scope of his employment and/or agency relationships with the Defendant SLSO when he stopped and attempted to arrest CRAIG FERGUSON on June 28, 2006.

9.　　At all times material, the Defendant, Deputy Sheriff RONALD SERAPHIN (hereinafter referred to as the "Defendant SERAPHIN"), was and is a duly appointed Deputy Sheriff of St. Lucie County, and was employed by the Defendant SLSO. At all times material hereto, Defendant SERAPHIN was acting under color of state law inasmuch as he was acting within the course and scope of his employment and/or agency relationships with the Defendant SLSO when he participated in the attempted arrest of CRAIG FERGUSON on June 28, 2006.

10.　It is alleged that the federal violations asserted herein were committed as a result of the deliberate indifference to the constitutional rights of CRAIG FERGUSON by all of the Defendants.

11.　The acts and practices constituting the violations alleged herein have occurred in St. Lucie County, Florida. In connection with the acts, practices and

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

3

7 of 29

violations alleged herein, each Defendant has, directly or indirectly, violated the constitutional rights of CRAIG FERGUSON.

12. The Plaintiff has complied with and satisfied all common law and statutory conditions precedent to the bringing of this action, including, but not limited to, the applicable provisions of Florida Statute Section 768.28.

**FACTUAL ALLEGATIONS**

13. On June 28, 2006, at or around 11:08 p.m., Defendant MESLIN, while in a marked SLSO police vehicle, activated his police lights and attempted to conduct a traffic stop of a vehicle being driven by the decedent CRAIG FERGUSON. The decedent CRAIG FERGUSON then proceeded to stop his vehicle at or near the dead end of North 50th Street and Belcher Canal in Ft. Pierce, Florida.

14. Upon information and belief, Defendants MESLIN and SERAPHIN, and other unknown Deputy Sheriffs of the Defendant SLSO, drew their guns and attempted to apprehend the decedent, CRAIG FERGUSON, in the wooded area at the dead end of North 50th Street.

15. Upon information and belief, at no time material did the decedent, CRAIG FERGUSON, pose a threat of immediate harm to Defendants MESLIN and SERAPHIN, and other unknown Deputy Sheriffs of the Defendant SLSO.

16. Defendants MESLIN and SERAPHIN, and other unknown Deputy Sheriffs of the Defendant SLSO, used excessive force during the course of their pursuit and apprehension of the decedent, CRAIG FERGUSON, in that they repeatedly assaulted and severely beat CRAIG FERGUSON.

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

4

8 of 29

17.     On June 29, 2006, at approximately 12:45 a.m., CRAIG FERGUSON's dead body was found in the Belcher Canal at or around the 4900 block of Grady Drive in Ft. Pierce, Florida.

18.     An independent forensic medical examination revealed that the decedent CRAIG FERGUSON, sustained multiple blunt force traumatic injuries to his back, rib cage, right leg, right chest, left shoulder, and suffered an acute spinal cord injury.

19.     As a direct and proximate result of the life threatening and debilitating injuries caused by the Defendants, CRAIG FERGUSON died in the Belcher Canal on June 29, 2006.

20.     By their deliberate indifference, Defendants MESLIN and SERAPHIN, and other unknown Deputy Sheriffs of the Defendant SLSO, encouraged and caused and/or acquiesced in the beating of CRAIG FERGUSON.

21.     Defendants, SHERIFF MASCARA and SLSO, each had a duty to ensure that reasonable measures were taken to provide for the safety of the citizens of St. Lucie County, including, the safety of individuals involved in the pursuit, apprehension and attempted arrest of CRAIG FERGUSON by deputies, agents, servants, and/or employees during the course and scope of their employment and/or agency relationships with the Defendants, SHERIFF MASCARA and SLSO.

22.     Defendants, SHERIFF MASCARA and SLSO, had a duty to train, supervise, control, monitor and otherwise ensure that Defendants MESLIN and SERAPHIN, and other unknown Deputy Sheriffs of the Defendant SLSO, did not violate the constitutional rights of persons including, CRAIG FERGUSON. The Defendants, SHERIFF MASCARA and SLSO's, failure to comply with and/or ensure the appropriate implementation and/or operation of their policies and procedures pertaining to police

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

5

9 of 29

training in the appropriate methods of detaining and arresting suspected citizens, and to adequately instruct, discipline and supervise their deputies, agents and/or employees, amounts to a deliberate indifference to the right of persons with whom their Deputy Sheriffs came into contact including, CRAIG FERGUSON.

23.     The acts and omissions of all Defendants, and each of them, constitute a course of conduct and/or failure to act amounting to negligence and/or a deliberate indifference to the rights, health, safety and welfare of CRAIG FERGUSON, and those similarly situated, resulting in the deprivation of his constitutional rights under state and federal law.

24.     The acts and omissions of the Defendants violated clearly established and well settled federal constitutional rights of CRAIG FERGUSON, i.e., unlawful and unreasonable search and seizure and due process under the Fourth and Fourteenth Amendments to the United States Constitution.

25.     As a direct and proximate result of the acts and omissions of the Defendants as set forth above, CRAIG FERGUSON died.

26.     CRAIG FERGUSON is survived by his seven (7) minor children: Craigrison Ferguson (DOB: 04/28/1989); Craigrita Ferguson (DOB: 07/27/1990); Craig R. Ferguson (DOB: 11/2/1991); Jahletha Ferguson (DOB: 08/28/2003); Ailiyah Green (DOB: 03/11/2002); Craig R. Ferguson, Jr. (DOB: 12/08/1995); and Sheila Bora.

## COUNT I

### VIOLATION OF CRAIG FERGUSON'S CONSTITUITONAL RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND UNDER 42 U.S.C. § 1983 AGAINST SHERIFF KEN J. MASCARA

27.     Plaintiff realleges and reaffirms all of the allegations contained in paragraphs 1 through 27, and further alleges as follows:

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

6

28.     At all times material hereto, Defendant MASCARA was responsible for adopting and implementing the rules and regulations in regard to hiring, screening, training, supervising, controlling, disciplining and assigning deputies, agents and/or employees to their duties within the St. Lucie County Sheriff's Office.

29.     At all times material, Defendant MASCARA was responsible for adopting, implementing, complying and enforcing the rules and regulations in regard to the appropriate methods of detaining and arresting suspected citizens, and to adequately instruct, discipline and supervise the deputies, agents and/or employees of the St. Lucie County Sheriff's Office.

30.     Defendant MASCARA was deliberately indifferent to his duties in that he either expressly or impliedly acknowledged and assented to the failure to train, supervise, control, monitor or otherwise screen employees of the St. Lucie County Sheriff's Office including, but not limited to, Defendants MESLIN and SERAPHIN, and other unknown Deputy Sheriffs of the Defendant SLSO, for excessively violent propensities, lack of training, skill, judgment and/or temperament, or other characteristics making said deputies and employees unfit to perform their duties at the St. Lucie County Sheriff's Office.

31.     The conduct of Defendant MASCARA in his failure to train, supervise and/or discipline his deputy sheriffs, agents and/or employees, was deliberately indifferent to the constitutional rights of all persons including, CRAIG FERGUSON, by among other thing:

a.      Engaging in a custom or policy of condoning alleged instances of police brutality without punishing his deputies, agents and/or employees, including, but not limited to, permitting and tolerating the practice of unjustified and unreasonable uses

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

7

11 of 29

of excessive force by the deputies, agents and/or employees of the St. Lucie County Sheriff's Office under the color of law;

b.    Engaging in a custom or policy to inadequately and improperly investigate citizen complaints of police misconduct;

c.    Failing to adequately and appropriately train, supervise, control, monitor deputies, agents and/or employees of the St. Lucie County Sheriff's Office in regards to the appropriate methods of detaining and arresting suspected citizens;

d.    Failing to adequately and appropriately train, supervise, control, and monitor the deputies, agents and/or employees of the St. Lucie County Sheriff's Office in regards to the proper use of force during the apprehension and arrest of suspected citizens including, CRAIG FERGUSON.

32.    Defendant MASCARA abdicated his oversight responsibilities, thereby allowing the Defendants MESLIN and SERAPHIN, and other unknown Deputy Sheriffs of the Defendant SLSO, to ignore the requirements of law and the policies of the St. Lucie County Sheriff's Office and constituted a deliberate indifference of the constitutional rights of all persons including, CRAIG FERGUSON.

33.    The foregoing acts, omissions, policies or customs of Defendant MASCARA caused the Defendants MESLIN and SERAPHIN, and other unknown Deputy Sheriffs of the Defendant SLSO, to violate CRAIG FERGUSON's constitutional rights under the Fourth and Fourteenth Amendment to the United States Constitution.

34.    The deliberate indifference of Defendant MASCARA violated the constitutional rights of all persons including, CRAIG FERGUSON, for which 42 U.S.C. § 1983 provides a remedy.

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

8

12 of 29

35.     As a direct and proximate result of the deliberate indifference of Defendant MASCARA, CRAIG FERGUSON was assaulted and severely beaten by Defendants MESLIN and SERAPHIN, and other unknown Deputy Sheriffs of the Defendant SLSO, resulting in multiple blunt force traumatic injuries to his back, rib cage, right leg, right chest, left shoulder, and an acute spinal cord injury and subsequent drowning death.  As such, Defendant MASCARA is liable for the tragic and untimely death suffered by CRAIG FERGUSON.

36.     As a direct and proximate result of the foregoing acts and omissions of Defendant MASCARA, DEBORAH FERGUSON as the Personal Representative of the Estate of CRAIG FERGUSON, is entitled to recover all damages allowed, pursuant to Florida's Wrongful Death Act, § 768.16, *et. seq.,* Florida Statutes, and other applicable Florida and federal law.  These damages include, but are not limited to, the following:

        a.      Medical and funeral expenses;

        b.      Loss of net accumulations beyond death; and

        c.      All damages allowable under Florida and federal law.

37.     As a direct and proximate result of the foregoing acts and omissions of Defendant MASCARA, CRAIG FERGUSON's surviving children are entitled to recover:

        a.      Mental pain and suffering from the date of death;

        b.      Loss of support and services from the date of injury to death, with interest;

        c.      Future loss of support and services from the date of death;

        d.      Loss of their father's companionship, instruction and guidance; and

        e.      All damages allowable under Florida and federal law.

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

9

13 of 29

WHEREFORE, the Plaintiff, DEBORAH FERGUSON as the Personal Representative of the Estate of CRAIG FERGUSON, demands judgment for damages against the Defendant, SHERIFF KEN J. MASCARA, in excess of One Hundred Thousand Dollars ($100,000.00), plus interest, costs and attorney's fees pursuant to 42 U.S.C. § 1988, and all other relief deemed just and proper under the circumstances, and demands a trial by jury of all issues triable as a matter of right by a jury.

## COUNT II

### VIOLATION OF CRAIG FERGUSON'S CONSTITUITONAL RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND UNDER 42 U.S.C. § 1983 AGAINST ST. LUCIE COUNTY SHERIFF'S OFFICE

38.    Plaintiff realleges and reaffirms all of the allegations contained in paragraphs 1 through 27, and further alleges as follows:

39.    At all times material hereto, Defendant SLSO was responsible for adopting and implementing the rules and regulations in regard to hiring, screening, training, supervising, controlling, disciplining and assigning deputies, agents and/or employees to their duties within the St. Lucie County Sheriff's Office.

40.    At all times material, Defendant SLSO was responsible for adopting, implementing, complying and enforcing the rules and regulations in regard to the appropriate methods of detaining and arresting suspected citizens, and to adequately instruct, discipline and supervise the deputies, agents and/or employees of the St. Lucie County Sheriff's Office.

41.    Defendant SLSO was deliberately indifferent to its duties in that it either expressly or impliedly acknowledged and assented to the failure to train, supervise, control, monitor or otherwise screen employees of the St. Lucie County Sheriff's Office,

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL. (305) 358-3109 FAX (305) 373-2823

10

14 of 29

including, but not limited to, Defendants MASCARA, MESLIN and SERAPHIN, and other unknown Deputy Sheriffs of the Defendant SLSO, for excessively violent propensities, lack of training, skill, judgment and/or temperament, or other characteristics making said deputies and employees unfit to perform their duties at the St. Lucie County Sheriff's Office.

42.     The conduct of Defendant SLSO in its failure to train, supervise and/or discipline its deputy sheriffs, agents and/or employees, was deliberately indifferent to the constitutional rights of all persons including, CRAIG FERGUSON, by among other thing:

a.     Engaging in a custom or policy of condoning alleged instances of police brutality without punishing its deputies, agents and/or employees, including, but not limited to, permitting and tolerating the practice of unjustified and unreasonable uses of excessive force by the deputies, agents and/or employees of the St. Lucie County Sheriff's Office under the color of law;

b.     Engaging in a custom or policy to inadequately and improperly investigate citizen complaints of police misconduct;

c.     Failing to adequately and appropriately train, supervise, control, monitor deputies, agents and/or employees of the St. Lucie County Sheriff's Office in regards to the appropriate methods of detaining and arresting suspected citizens;

d.     Failing to adequately and appropriately train, supervise, control, and monitor the deputies, agents and/or employees of the St. Lucie County Sheriff's Office in regards to the proper use of force during the apprehension and arrest of suspected citizens including, CRAIG FERGUSON.

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

11

15 of 29

43. Defendant SLSO abdicated its oversight responsibilities, thereby allowing the Defendants, MASCARA, MESLIN and SERAPHIN, and other unknown Deputy Sheriffs of the Defendant SLSO, to ignore the requirements of law and the policies of the St. Lucie County Sheriff's Office and constituted a deliberate indifference of the constitutional rights of all persons including, CRAIG FERGUSON.

44. The foregoing acts, omissions, policies or customs of Defendant SLSO caused the Defendants, MASCARA, MESLIN and SERAPHIN, and other unknown Deputy Sheriffs of the Defendant SLSO, to violate CRAIG FERGUSON's constitutional rights under the Fourth and Fourteenth Amendment to the United States Constitution.

45. The deliberate indifference of Defendant SLSO violated the constitutional rights of all persons including, CRAIG FERGUSON, for which 42 U.S.C. § 1983 provides a remedy.

46. As a direct and proximate result of the deliberate indifference of Defendant SLSO, CRAIG FERGUSON was assaulted and severely beaten by Defendants MESLIN and SERAPHIN, and other unknown Deputy Sheriffs of the Defendant SLSO, resulting in multiple blunt force traumatic injuries to his back, rib cage, right leg, right chest, left shoulder, and an acute spinal cord injury and subsequent drowning death. As such, Defendant SLSO is liable for the tragic and untimely death suffered by CRAIG FERGUSON.

47. As a direct and proximate result of the foregoing acts and omissions of Defendant SLSO, DEBORAH FERGUSON as the Personal Representative of the Estate of CRAIG FERGUSON, is entitled to recover all damages allowed, pursuant to Florida's Wrongful Death Act, § 768.16, *et. seq.,* Florida Statutes, and other applicable Florida and federal law. These damages include, but are not limited to, the following:

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

12

16 of 29

a. Medical and funeral expenses;

b. Loss of net accumulations beyond death; and

c. All damages allowable under Florida and federal law.

48. As a direct and proximate result of the foregoing acts and omissions of Defendant SLSO, CRAIG FERGUSON's surviving children are entitled to recover:

a. Mental pain and suffering from the date of death;

c. Loss of support and services from the date of injury to death, with interest;

c. Future loss of support and services from the date of death;

d. Loss of their father's companionship, instruction and guidance; and

e. All damages allowable under Florida and federal law.

WHEREFORE, the Plaintiff, DEBORAH FERGUSON as the Personal Representative of the Estate of CRAIG FERGUSON, demands judgment for damages against the Defendant, ST. LUCIE COUNTY SHERIFF'S OFFICE, in excess of One Hundred Thousand Dollars ($100,000.00), plus interest, costs and attorney's fees pursuant to 42 U.S.C. § 1988, and all other relief deemed just and proper under the circumstances, and demands a trial by jury of all issues triable as a matter of right by a jury.

## COUNT III

## VIOLATION OF CRAIG FERGUSON'S CONSTITUITONAL RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND UNDER 42 U.S.C. § 1983 AGAINST TODD MESLIN

49. Plaintiff realleges and reaffirms all of the allegations contained in paragraphs 1 through 27, and further alleges as follows:

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL. (305) 358-3109 FAX (305) 373-2823

13

17 of 29

50.     At all times material hereto, Defendant MESLIN used excessive force under the color of state law when he stopped and attempted to arrest CRAIG FERGUSON on June 28, 2006, in violation of CRAIG FERGUSON's constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution.

51.     Defendant MESLIN inflicted severe injury upon CRAIG FERGUSON that was grossly disproportionate to the force necessary to detain and arrest CRAIG FERGUSON, which constitutes a deliberate indifference to CRAIG FERGUSON's constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution.

52.     The deliberate indifference of Defendant MESLIN violated the constitutional rights of all persons including, CRAIG FERGUSON, for which 42 U.S.C. § 1983 provides a remedy.

53.     As a direct and proximate result of the deliberate indifference of Defendant MESLIN, CRAIG FERGUSON was assaulted and severely beaten resulting in multiple blunt force traumatic injuries to his back, rib cage, right leg, right chest, left shoulder, and an acute spinal cord injury and subsequent drowning death. As such, Defendant MESLIN is liable for the tragic and untimely death suffered by CRAIG FERGUSON.

54.     As a direct and proximate result of the foregoing acts and omissions of Defendant MESLIN, DEBORAH FERGUSON as the Personal Representative of the Estate of CRAIG FERGUSON, is entitled to recover all damages allowed, pursuant to Florida's Wrongful Death Act, § 768.16, *et. seq.,* Florida Statutes, and other applicable Florida and federal law. These damages include, but are not limited to, the following:

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

14

18 of 29

a. Medical and funeral expenses;

b. Loss of net accumulations beyond death; and

c. All damages allowable under Florida and federal law.

55. As a direct and proximate result of the foregoing acts and omissions of Defendant MESLIN, CRAIG FERGUSON's surviving children are entitled to recover:

a. Mental pain and suffering from the date of death;

d. Loss of support and services from the date of injury to death, with interest;

c. Future loss of support and services from the date of death;

d. Loss of their father's companionship, instruction and guidance; and

e. All damages allowable under Florida and federal law.

WHEREFORE, the Plaintiff, DEBORAH FERGUSON as the Personal Representative of the Estate of CRAIG FERGUSON, demands judgment for damages against the Defendant, TODD MESLIN, in excess of One Hundred Thousand Dollars ($100,000.00), plus interest, costs and attorney's fees pursuant to 42 U.S.C. § 1988, and all other relief deemed just and proper under the circumstances, and demands a trial by jury of all issues triable as a matter of right by a jury.

## COUNT IV

### VIOLATION OF CRAIG FERGUSON'S CONSTITUITONAL RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND UNDER 42 U.S.C. § 1983 AGAINST RONALD SERAPHIN

56. Plaintiff realleges and reaffirms all of the allegations contained in paragraphs 1 through 27, and further alleges as follows:

57. At all times material hereto, Defendant SERAPHIN used excessive force under the color of state law when he stopped and attempted to arrest CRAIG

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

15

19 of 29

FERGUSON on June 28, 2006, in violation of CRAIG FERGUSON's constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution.

58.    Defendant SERAPHIN inflicted severe injury upon CRAIG FERGUSON that was grossly disproportionate to the force necessary to detain and arrest CRAIG FERGUSON, which constitutes a deliberate indifference to CRAIG FERGUSON's constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution.

59.    The deliberate indifference of Defendant SERAPHIN violated the constitutional rights of all persons including, CRAIG FERGUSON, for which 42 U.S.C. § 1983 provides a remedy.

60.    As a direct and proximate result of the deliberate indifference of Defendant SERAPHIN, CRAIG FERGUSON was assaulted and severely beaten resulting in multiple blunt force traumatic injuries to his back, rib cage, right leg, right chest, left shoulder, and an acute spinal cord injury and subsequent drowning death. As such, Defendant SERAPHIN is liable for the tragic and untimely death suffered by CRAIG FERGUSON.

61.    As a direct and proximate result of the foregoing acts and omissions of Defendant SERAPHIN, DEBORAH FERGUSON as the Personal Representative of the Estate of CRAIG FERGUSON, is entitled to recover all damages allowed, pursuant to Florida's Wrongful Death Act, § 768.16, *et. seq.*, Florida Statutes, and other applicable Florida and federal law.  These damages include, but are not limited to, the following:

      a.    Medical and funeral expenses;

      b.    Loss of net accumulations beyond death; and

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

16

20 of 29

c.   All damages allowable under Florida and federal law.

62.   As a direct and proximate result of the foregoing acts and omissions of Defendant SERAPHIN, CRAIG FERGUSON's surviving children are entitled to recover:

a.   Mental pain and suffering from the date of death;

e.   Loss of support and services from the date of injury to death, with interest;

c.   Future loss of support and services from the date of death;

d.   Loss of their father's companionship, instruction and guidance; and

e.   All damages allowable under Florida and federal law.

WHEREFORE, the Plaintiff, DEBORAH FERGUSON as the Personal Representative of the Estate of CRAIG FERGUSON, demands judgment for damages against the Defendant, RONALD SERAPHIN, in excess of One Hundred Thousand Dollars ($100,000.00), plus interest, costs and attorney's fees pursuant to 42 U.S.C. § 1988, and all other relief deemed just and proper under the circumstances, and demands a trial by jury of all issues triable as a matter of right by a jury.

## COUNT V

## CLAIM OF NEGLIGENCE AGAINST SHERIFF KEN J. MASCARA

63.   Plaintiff realleges and reaffirms all of the allegations contained in paragraphs 1 through 27, and further alleges as follows:

64.   At all material times, Defendant MASCARA acted through his deputy sheriffs, agents, and employees of the St. Lucie County Sheriff's Office, and owed a duty to the public, including CRAIG FERGUSON, to exercise reasonable care in the training, supervision, control, and monitoring of the Defendants MESLIN and SERAPHIN, and

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

17

21 of 29

other unknown Deputy Sheriffs of the Defendant SLSO, to ensure that they did not violate the constitutional rights of persons including, CRAIG FERGUSON.

65.     At all material times, Defendant MASCARA through his deputy sheriffs, agents, and employees of the St. Lucie County Sheriff's Office, owed a duty to the public, including the CRAIG FERGUSON, to exercise reasonable and ordinary care to adequately and appropriately train, supervise, discipline, control, and monitor the deputies, agents and/or employees of the St. Lucie County Sheriff's Office in regards to the proper use of force during the apprehension and arrest of suspected citizens including, CRAIG FERGUSON.

66.     In particular, Defendant MASCARA had a duty to take such precautions as were reasonably necessary to protect the public, including CRAIG FERGUSON, from bodily harm due to the use of excessive force by his deputy sheriffs, agents, and employees of the St. Lucie County Sheriff's Office, which such use of excessive force was reasonably foreseeable.

67.     At all material times, Defendant MASCARA through his deputy sheriffs, agents, and employees of the St. Lucie County Sheriff's Office, is directly and/or vicariously liable for his own negligence and also for the negligence of his deputy sheriffs, agents, and employees of the St. Lucie County Sheriff's Office who at all times conducted themselves within the course and scope of his employment and/or agency relationships with the Defendant SLSO when they participated in the attempted arrest of CRAIG FERGUSON on June 28, 2006.

68.     Defendant MASCARA did himself and/or by and through his deputy sheriffs, agents, and employees of the St. Lucie County Sheriff's Office, breach his duty to exercise reasonable care for the safety and protection of the public including, CRAIG

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

18

22 of 29

FERGUSON, and acted in a careless and negligent manner through the following acts of omission or commission:

a.    Failing to adopt, implement, comply and/or enforce adequate policies, measures and procedures regarding the appropriate methods of detaining and arresting suspected citizens;

b.    Failing to adopt, implement, comply and/or enforce adequate policies, measures and procedures to adequately and properly investigate citizen complaints of police misconduct;

c.    Failing to adequately and appropriately train, supervise, control, and monitor the deputies, agents and/or employees of the St. Lucie County Sheriff's Office in regards to the proper use of force during the apprehension and arrest of suspected citizens including, CRAIG FERGUSON;

d.    Failing to prevent the assault and use of excessive force on CRAIG FERGUSON; and

e.    Additional acts of negligence not yet discovered.

69.    As a direct and proximate result of the negligent acts and/or omissions of Defendant MASCARA through his deputy sheriffs, agents, and employees of the St. Lucie County Sheriff's Office, CRAIG FERGUSON was assaulted and severely beaten by Defendants MESLIN and SERAPHIN, and other unknown Deputy Sheriffs of the Defendant SLSO, resulting in multiple blunt force traumatic injuries to his back, rib cage, right leg, right chest, left shoulder, and an acute spinal cord injury and subsequent drowning death. As such, Defendant MASCARA is directly and vicariously liable for the tragic and untimely death suffered by CRAIG FERGUSON.

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

19

23 of 29

70.     As a direct and proximate result of the foregoing acts and omissions of Defendant MASCARA, DEBORAH FERGUSON as the Personal Representative of the Estate of CRAIG FERGUSON, is entitled to recover all damages allowed, pursuant to Florida's Wrongful Death Act, § 768.16, *et. seq.,* Florida Statutes, and other applicable Florida and federal law. These damages include, but are not limited to, the following:

      a.    Medical and funeral expenses;

      b.    Loss of net accumulations beyond death; and

      c.    All damages allowable under Florida and federal law.

71.     As a direct and proximate result of the foregoing acts and omissions of Defendant MASCARA, CRAIG FERGUSON's surviving children are entitled to recover:

      a.    Mental pain and suffering from the date of death;

      b.    Loss of support and services from the date of injury to death, with interest;

      c.    Future loss of support and services from the date of death;

      d.    Loss of their father's companionship, instruction and guidance; and

      e.    All damages allowable under Florida and federal law.

WHEREFORE, the Plaintiff, DEBORAH FERGUSON as the Personal Representative of the Estate of CRAIG FERGUSON, demands judgment for damages against the Defendant, SHERIFF KEN J. MASCARA, in excess of One Hundred Thousand Dollars ($100,000.00), plus interest, costs and attorney's fees as allowable by law, and all other relief deemed just and proper under the circumstances, and demands a trial by jury of all issues triable as a matter of right by a jury.

## COUNT VI

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

20

## CLAIM OF NEGLIGENCE AGAINST
## ST. LUCIE COUNTY SHERIFF'S OFFICE

72.     Plaintiff realleges and reaffirms all of the allegations contained in paragraphs 1 through 27, and further alleges as follows:

73.     At all material times, Defendant SLSO acted through its deputy sheriffs, agents, and employees of the St. Lucie County Sheriff's Office, and owed a duty to the public, including CRAIG FERGUSON, to exercise reasonable care in the training, supervision, control, and monitoring of the Defendants, MASCARA, MESLIN and SERAPHIN, and other unknown Deputy Sheriffs of the Defendant SLSO, to ensure that they did not violate the constitutional rights of persons including, CRAIG FERGUSON.

74.     At all material times, Defendant SLSO through its deputy sheriffs, agents, and employees of the St. Lucie County Sheriff's Office, owed a duty to the public, including the CRAIG FERGUSON, to exercise reasonable and ordinary care to adequately and appropriately train, supervise, discipline, control, and monitor the deputies, agents and/or employees of the St. Lucie County Sheriff's Office in regards to the proper use of force during the apprehension and arrest of suspected citizens including, CRAIG FERGUSON.

75.     In particular, Defendant SLSO had a duty to take such precautions as were reasonably necessary to protect the public, including CRAIG FERGUSON, from bodily harm due to the use of excessive force by his deputy sheriffs, agents, and employees of the St. Lucie County Sheriff's Office, which such use of excessive force was reasonably foreseeable.

76.     At all material times, Defendant SLSO through its deputy sheriffs, agents, and employees of the St. Lucie County Sheriff's Office, is directly and/or vicariously

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

21

25 of 29

liable for its own negligence and also for the negligence of its deputy sheriffs, agents, and employees of the St. Lucie County Sheriff's Office who at all times conducted themselves within the course and scope of their employment and/or agency relationships with the Defendant SLSO when they participated in the attempted arrest of CRAIG FERGUSON on June 28, 2006.

77. Defendant SLSO did itself and/or by and through its deputy sheriffs, agents, and employees of the St. Lucie County Sheriff's Office, breach its duty to exercise reasonable care for the safety and protection of the public including, CRAIG FERGUSON, and acted in a careless and negligent manner through the following acts of omission or commission:

a. Failing to adopt, implement, comply and/or enforce adequate policies, measures and procedures regarding the appropriate methods of detaining and arresting suspected citizens;

b. Failing to adopt, implement, comply and/or enforce adequate policies, measures and procedures to adequately and properly investigate citizen complaints of police misconduct;

c. Failing to adequately and appropriately train, supervise, control, and monitor the deputies, agents and/or employees of the St. Lucie County Sheriff's Office in regards to the proper use of force during the apprehension and arrest of suspected citizens including, CRAIG FERGUSON;

d. Failing to prevent the assault and use of excessive force on CRAIG FERGUSON; and

e. Additional acts of negligence not yet discovered.

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

22

26 of 29

78.     As a direct and proximate result of the negligent acts and/or omissions of Defendant SLSO through its deputy sheriffs, agents, and employees of the St. Lucie County Sheriff's Office, CRAIG FERGUSON was assaulted and severely beaten by Defendants MESLIN and SERAPHIN, and other unknown Deputy Sheriffs of the Defendant SLSO, resulting in multiple blunt force traumatic injuries to his back, rib cage, right leg, right chest, left shoulder, and an acute spinal cord injury and subsequent drowning death.  As such, Defendant SLSO is directly and vicariously liable for the tragic and untimely death suffered by CRAIG FERGUSON.

79.     As a direct and proximate result of the foregoing acts and omissions of Defendant SLSO, DEBORAH FERGUSON as the Personal Representative of the Estate of CRAIG FERGUSON, is entitled to recover all damages allowed, pursuant to Florida's Wrongful Death Act, § 768.16, *et. seq.,* Florida Statutes, and other applicable Florida and federal law.  These damages include, but are not limited to, the following:

    a.    Medical and funeral expenses;

    b.    Loss of net accumulations beyond death; and

    c.    All damages allowable under Florida and federal law.

80.     As a direct and proximate result of the foregoing acts and omissions of Defendant MASCARA, CRAIG FERGUSON's surviving children are entitled to recover:

    a.    Mental pain and suffering from the date of death;

    b.    Loss of support and services from the date of injury to death, with interest;

    c.    Future loss of support and services from the date of death;

    d.    Loss of their father's companionship, instruction and guidance; and

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

23

27 of 29

e.    All damages allowable under Florida and federal law.

WHEREFORE, the Plaintiff, DEBORAH FERGUSON as the Personal Representative of the Estate of CRAIG FERGUSON, demands judgment for damages against the Defendant, ST. LUCIE COUNTY SHERIFF'S OFFICE, in excess of One Hundred Thousand Dollars ($100,000.00), plus interest, costs and attorney's fees as allowable by law, and all other relief deemed just and proper under the circumstances, and demands a trial by jury of all issues triable as a matter of right by a jury.

DATED this 26 day of May, 2009.

Respectfully submitted,

**HANNON & BOYERS, P.A.**
Attorneys for Plaintiffs
ESPIRITO SANTO PLAZA
1395 Brickell Avenue, Suite 980
Miami, Florida 33131
Telephone: (305) 358-3109
Facsimile: (305) 373-2823

BY: _____
**ROBERT B. BOYERS**
Fla. Bar No. 100978
**JANPAUL PORTAL**
Fla. Bar No. 0567264

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

24

28 of 29

**JS 44** (Rev. 12/07) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS

Estate of Craig Ferguson, by and through his Personal Representitive, Deborah Ferguson

### DEFENDANTS

SHERIFF KEN J. MASCARA, , the ST. LUCIE COUNTY SHERIFF'S OFFICE, TODD MESLIN, RONALD SERAPHIN

**(b)** County of Residence of First Listed Plaintiff **Broward**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **St. Lucie**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Robert B. Boyers, Esq., Hannon & Boyers, P.A. 1395 Brickell Avenue, Suite 980, Miami, Florida 33131
(305) 358-3109

Attorneys (If Known)

Garrett S. Elsinger, Esq., Purdy, Jolly, Giuffreda & Barranco, P.A. 2455 E. Sunrise Blvd., Suite 1216, Fort Lauderdale, FL 33304

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☑ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☑ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

FILED by **LH** D.C.
ELECTRONIC

**June 16, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA.- MIAMI

### V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☑ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO   b) Related Cases ☐ YES ☑ NO

JUDGE _____   DOCKET NUMBER _____

### VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

42 USC 1983 "Violation of Civil Rights"

LENGTH OF TRIAL via 4-5 days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE 6/16/09

FOR OFFICE USE ONLY

AMOUNT $350.00   RECEIPT # 235242   IFP _____