UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 09-14192-CIV-GRAHAM/LYNCH**

ESTATE OF CRAIG FERGUSON,
by and through his personal representative
DEBORAH FERGUSON,

       Plaintiff,

vs.

SHERIFF KEN J. MASCARA, as Sheriff of
ST. LUCIE COUNTY, the ST. LUCIE COUNTY
SHERIFF'S OFFICE and its agents, servants,
employees, employers, officers of St. Lucie
County, Florida, et al., TODD MESLIN and
RONALD SERAPHIN, individually, and in
their official capacities as Deputy Sheriffs of
the St. Lucie County Sheriff's Office,

       Defendants.
_____/

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND TO CONFORM THE
PLEADINGS TO THE PROOF AND MEMORANDUM OF LAW IN SUPPORT**

      The Plaintiff, Deborah Ferguson as Personal Representative of the Estate of Craig Ferguson, by and through undersigned counsel, and pursuant to Rule 15 of the Federal Rules of Civil Procedure, hereby files this, her *Motion for Leave to Amend to Conform the Pleadings to the Proof and Memorandum of Law in Support*, and in support thereof states as follows:

      1.    This is a wrongful death action arising out of the deprivation of the decedent, Craig Ferguson's, constitutionally protected rights to be free from the use of excessive or unreasonable force under the Fourth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C § 1983 and under Florida tort law claims. The focus of the alleged constitutional deprivations and negligent acts and/or omissions centers around the assault

Ferguson v. Ken J. Mascara, et al.
Case Number: 09-14192-CIV-GRAHAM-LYNCH

and severe beating of Craig Ferguson resulting in his untimely death by drowning in the Belcher Canal on June 28, 2006.

2. On May 26, 2009, the Plaintiff filed an Amended Complaint upon which this action is based in the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida, Case No.: 56 2008 CA 005469 AXXXHC[1]. (See [D.E. 1] Amended Complaint attached as Exhibit "A" to the Defendants' Notice of Removal).

3. In Count III and Count IV of the Amended Complaint, the Plaintiff alleges that the Defendants, Deputy Sheriffs Todd Meslin and Ronald Seraphin, respectively, used excessive force while acting under the color of state law when they inflicted severe injury upon Craig Ferguson that was grossly disproportionate to the force necessary to detain and arrest him and was deliberately indifferent to his constitutionally protected due process rights to be free from the use of excessive or unreasonable force. See id. at ¶¶ 49-62. The Plaintiff further alleges that as a direct and proximate result of Deputy Sheriffs Todd Meslin and Ronald Seraphin's deliberate indifference, Craig Ferguson was severely beaten resulting in multiple blunt force traumatic injuries including, but not limited to, physically disabling injuries to his back, rib cage, right leg, right chest, left shoulder, and an acute spinal cord injury and subsequent drowning death. Id. at ¶¶ 53, 60.

4. Additionally, in Count V of the Amended Complaint, the Plaintiff brought a state law negligence claim against the Defendant, Sheriff Ken J. Mascara, in his official capacity as the Sheriff of St. Lucie County, based on his direct and/or vicarious liability for the assault and

---

[1] On June 27, 2008, Deborah Ferguson, as Personal Representative of the Estate of Craig Ferguson, timely filed the initial Complaint in the state court action *pro se*. However, the initial Complaint was never actually served on any of the named Defendants. Thereafter, the undersigned law firm was retained on behalf of the Estate of Craig Ferguson. The Plaintiff amended her initial pleading once as a matter of course pursuant to Rule 1.190(A) of the Florida Rules of Civil Procedure. As such, the operative Amended Complaint was filed in the state court action on May 26, 2009. On June 10, 2009, Summons were issued and served upon Defendants, Sheriff Ken J. Mascara and Deputy Sheriffs Todd Meslin and Ronald Seraphin. On June 16, 2009, the state court action was removed to federal court upon the filing of the Defendants' Notice of Removal [D.E. 1].

Ferguson v. Ken J. Mascara, et al.
Case Number: 09-14192-CIV-GRAHAM-LYNCH

severe beating of Craig Ferguson by Deputy Sheriffs Todd Meslin and Ronald Seraphin. Id. at ¶¶ 63-71.  The Plaintiff alleges that Sheriff Ken J. Mascara, among other things, failed to take such precautions as were reasonably necessary to protect suspected citizens like Craig Ferguson, from bodily harm due to the use of excessive force by the deputy sheriffs, agents and/or employees of the St. Lucie County Sheriff's Office.  Id. Plaintiff further alleges that the Defendant, Sheriff Ken J. Mascara, is liable for the assault and severe beating of Craig Ferguson resulting in his untimely death by drowning, under the doctrine of *respondeat superior*. Id.

5. During the course of discovery in this case, multiple eyewitnesses testified that the Deputy Sheriffs Todd Meslin and Ronald Seraphin violently beat Craig Ferguson in a grassy area near an almost 20 foot high canal embankment.  One of the eyewitnesses observed and heard one of the St. Lucie County Deputy Sheriffs order Craig Ferguson to "freeze, stop, get on your knees, get on your knees" and observed Craig Ferguson comply with the Deputy Sheriffs' commands. As such, Craig Ferguson was in Deputy Sheriffs Todd Meslin and Ronald Seraphin's custody while they assaulted and severely beat him.  The beating continued into the bushes that were perilously close to the edge of the embankment.  The eyewitnesses, however, did not see how Mr. Ferguson ended up in the canal at the bottom of the embankment where he ultimately met his death.

6. Nevertheless, it would be reasonable for a jury to infer that the actions of Deputy Sheriffs Todd Meslin and Ronald Seraphin foreseeably caused or contributed to Mr. Ferguson's demise in the canal.  At a minimum, the Deputy Sheriffs drove Mr. Ferguson to the edge of the proverbial cliff, even if they had not beaten him, and then did nothing wrest him for the mortal danger to which they had unreasonably and unconscionably exposed him.

Ferguson v. Ken J. Mascara, et al.
Case Number: 09-14192-CIV-GRAHAM-LYNCH

7. Accordingly, the Plaintiff seeks leave to amend to conform the pleadings to the proof pursuant to Federal Rule of Civil Procedure 15(b)[2]. Specifically, Plaintiff seeks to amend Counts III and IV of the Amended Complaint to include the following additional allegations:

   a. Defendants Meslin and Seraphin exposed Craig Ferguson to an unreasonably high risk of fatal harm when they failed to undertake reasonable efforts to prevent Craig Ferguson from entering the Belcher Canal, which they themselves claim was too dangerous for them to venture into;

   b. Once Craig Ferguson entered the canal, the Defendants Meslin and Seraphin failed to act swiftly to prevent him from getting too far out across the canal to be saved;

   c. Defendants Meslin and Seraphin made a conscious decision to do nothing to save Craig Ferguson from the mortal danger to which they had unreasonably and unconscionably exposed him; and

   d. This sequence of acts and omissions by Defendants Meslin and Seraphin clearly evinced a deliberate indifference to the rights, health, safety and welfare of Craig Ferguson, resulting in the deprivation of his Fourteenth Amendment due process rights to be protected from harm, including, serious bodily harm and/or death pursuant to 42 U.S.C. § 1983.

Plaintiff also seeks leave to amend Count V of the Amended Complaint to include the following additional allegations:

   a. At all material times, Defendant Mascara, in his official capacity as the Sheriff of St. Lucie County, had a duty to exercise reasonable and ordinary care for the safety and protection of individuals including, Craig Ferguson, who are exposed to a foreseeable and unreasonable risk of harm as a result of the conduct of the deputy sheriffs, agents and/or employees of the St. Lucie County Sheriff's Office including, Deputy Sheriffs Meslin and Seraphin.

   b. Defendant Mascara, in his official capacity as the Sheriff of St. Lucie County, by and through the deputy sheriffs, agents and/or employees of the St. Lucie County Sheriff's Office including, Deputy Sheriffs Meslin and Seraphin, breached their duty to exercise reasonable care for the safety and protection of the public including, Craig Ferguson, and acted in a

---

[2] In addition, Plaintiff will remove Counts II and VI of the Amended Complaint, which were dismissed by Order of this Court dated March 12, 2010 [D.E. 49].

4

Case 2:09-cv-14192-DLG   Document 94   Entered on FLSD Docket 08/26/2010   Page 5 of 13

Ferguson v. Ken J. Mascara, et al.
Case Number: 09-14192-CIV-GRAHAM-LYNCH

careless and negligent manner through the following acts of omission or commission:

(1) Failing to exercise reasonable care to avoid exposing Craig Ferguson and/or to prevent Craig Ferguson from being exposed to a foreseeable and unreasonable risk of serious bodily injury and/or death;

(2) Failing to exercise reasonable care to save Craig Ferguson from the unreasonable risk of fatal harm to which Deputy Sheriffs Meslin and Seraphin had exposed him once this risk had materialized;

(3) Failing to protect Craig Ferguson from the negligent or intentional acts of others, including, but not limited to, the deputy sheriffs, agents and/or employees of the St. Lucie County Sheriff's Office including, Deputy Sheriffs Meslin and Seraphin; and

(4) Failing to prevent Craig Ferguson's untimely death by drowning.

8. The proposed Second Amended Complaint is attached hereto as **Exhibit "A."** The Plaintiff respectfully requests that the proposed Second Amended Complaint be deemed filed by virtue of filing the instant Motion.

9. The Plaintiff submits that allowing the subject amendment to the pleadings will not require any new or additional discovery. The parties have engaged in extensive discovery including thorough examination and cross-examination of multiple deputy sheriffs regarding: the events immediately leading up to Craig Ferguson entering the Belcher Canal; Craig Ferguson attempting to swim across the canal and then exhibiting signs of a struggle to keep himself above the water's surface; and ultimately Craig Ferguson's drowning death. Deputy Sheriffs Todd Meslin and Ronald Seraphin, as well Sergeant Parrett and Deputy Sheriff Tad LeRoy, were questioned regarding whether any attempts were made to save Craig Ferguson while they stood watch as he was struggling to stay alive in the canal. In fact, there is record evidence that suggests that the Defendants, Deputy Sheriffs Todd Meslin and Ronald Seraphin, heard Craig

5

Ferguson screaming for help before drowning in the canal while they stood idly by on the canal bank and failed to take any steps to save his life.

10. Allowing the Plaintiff leave to amend will not prejudice the Defendants. In contrast, the Plaintiff is seeking leave to amend to conform the pleadings prior to the start of trial to avoid any undue prejudice and/or surprise to the Defendants during the trial of this matter. The Defendants have had notice of these new issues, which have been raised and defended in deposition. More specifically, these issues were directly addressed during the depositions of Defendants Todd Meslin and Ronald Seraphin recently taken on July 28 and July 29, 2010, and were also raised during the depositions of other deputy sheriffs who arrived on scene on the night of Craig Ferguson's death.

11. Since the trial of this matter has not yet commenced, the Defendants have ample opportunity to adequately prepare their defense without being deprived of a fair opportunity to defend.

12. In addition, the proffered Second Amended Complaint should not delay the trial of this matter, as these issues will be addressed concurrently with the other issues raised by the operative pleadings. The Plaintiff is not aware of any new or additional witnesses that will be called to testify on these issues, as any potential witnesses called to testify on these issues are the same witnesses that would be called to testify on the issues raised in the operative pleadings.

13. Further, the proposed Second Amended Complaint is based on the same occurrence and/or transaction as set forth in the Amended Complaint, and only seeks to impose additional factual bases for liability against the Defendants previously named in this action. Therefore, the amendment to the pleadings relates back to the date of the original pleading. See FED. R. CIV. P. 15(c).

Case 2:09-cv-14192-DLG Document 94 Entered on FLSD Docket 08/26/2010 Page 7 of 13

Ferguson v. Ken J. Mascara, et al.
Case Number: 09-14192-CIV-GRAHAM-LYNCH

14. Based on the foregoing, the Plaintiff respectfully requests that this Honorable Court grant the Plaintiff leave to amend to conform the pleadings to the proof and that the proposed Second Amended Complaint be deemed filed by virtue of filing the instant Motion.

### CERTIFICATE OF GOOD FAITH CONFERENCE

15. Undersigned counsel hereby certifies that he has made reasonable efforts to confer with Garret Elsinger, Esq., counsel for the Defendant Ken J. Mascara and Defendants, Meslin and Seraphin, Garret Elsinger, Esq., but has been unable to do so prior to filing of the instant Motion.

16. Undersigned counsel certifies that this motion is not executed for delay or for any other improper purpose, but is made in order to fully and effectively represent the Plaintiff.

WHEREFORE, the Plaintiff, Deborah Ferguson as Personal Representative of the Estate of Craig Ferguson, respectfully requests that this Honorable Court enter an Order granting the amendments in accordance with the proposed Second Amended Complaint attached hereto as **Exhibit "A,"** and deem the Second Amended Complaint filed pursuant to the filing of the instant Motion.

### MEMORANDUM OF LAW

**A.  Standard on Motion for Leave to Amend**

Rule 15(b) of the Federal Rules of Civil Procedure provides, in pertinent part:

When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. *A party may move – at any time, even after judgment – to amend the pleadings to conform them to the evidence* and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

(Emphasis added)

In Borden, Inc. v. Florida East Coast Ry. Co., 772 F.2d 750 (11th Cir. 1985), the Court noted that "[t]here is a strong policy embodied in the Federal Rules of Civil Procedure, and Rule

7

Case 2:09-cv-14192-DLG   Document 94   Entered on FLSD Docket 08/26/2010   Page 8 of 13

Ferguson v. Ken J. Mascara, et al.
Case Number: 09-14192-CIV-GRAHAM-LYNCH

15 particularly, favoring the liberality of amendment." <u>Borden</u>, 772 F.2d at 757.  The Court also recognized that:

> Allowing an amendment to the pleadings at the close of trial to conform to the evidence presented is within the trial court's discretion. <u>See</u> <u>e.g.</u>, <u>Save Lake Washington v. Frank</u>, 641 F.2d 1330, 1340 (9th Cir.1981); <u>Fisher v. Indiana Lumbermens Mutual Insurance Co.</u>, 456 F.2d 1396, 1398-99 (5th Cir.1972). When issues outside the pleadings are tried by the express or implied consent of the parties, however, Rule 15(b) requires that the amendment be allowed.

<u>Id.</u> at 757-58.

More importantly, Federal Rule of Civil Procedure 15(b)(2) provides that where issues are tried by express or implied consent of the parties, those issues will be treated as having been raised in the pleadings. "Thus, a judgment may be based on an unpled issue as long as consent to trial of the issue is evident." <u>Cioffe v. Morris</u>, 676 F.2d 539, 541 (11th Cir.1982).

In order to establish implied consent the plaintiff "must demonstrate that [the defendant] understood evidence had been introduced to prove [the new issue], and that [the new issue] had been directly addressed, not merely inferentially raised by incidental evidence." <u>Federal Trade Commission v. Capital Choice Consumer Credit, Inc.</u>, 2004 WL 5141452, *5 (S.D. Fla. May 5, 2004) (<u>quoting</u>, <u>Steger v. General Elec. Co.</u>, 318 F.3d 1066, 1077 (11th Cir. 2003). "[C]onsent under Rule 15(b) will not be found if the defendant will be prejudiced; that is, if the defendant had no notice of the new issue, if the defendant could have offered additional evidence in defense, or if the defendant in some other way was denied a fair opportunity to defend." <u>Cioffe</u> at 541-42.

In the case at bar, the Defendants have been placed on notice of the new issues, which form the basis for the proposed Second Amended Complaint without being prejudiced to form a defense and obtain evidence in support of the defense.  Furthermore, the parties have expressly addressed these new issues during the discovery phase of this matter so that there should be mo

Case 2:09-cv-14192-DLG   Document 94   Entered on FLSD Docket 08/26/2010   Page 9 of 13

Ferguson v. Ken J. Mascara, et al.
Case Number: 09-14192-CIV-GRAHAM-LYNCH

claim of surprise by the Defendants. Therefore, Plaintiff respectfully seeks leave to file her proposed Second Amended Complaint in conformance with the policy favoring the liberality of amendment and pursuant to Federal Rule of Civil Procedure 15(b).

> **B.   Defendants Meslin and Seraphin's Failure to Act Amounts to a Deliberate Indifference to Craig Ferguson's Constitutionally Protected Rights**

In the instant case, Defendants, Deputy Sheriffs Todd Meslin and Ronald Seraphin, testified that they chased Craig Ferguson into the bushes which were perilously close to the canal embankment. They failed to undertake reasonable efforts to prevent Craig Ferguson from entering the Belcher Canal and failed to prevent him from being exposed to an unreasonably high risk of fatal harm. The Plaintiff has previously submitted a report from Melvin L. Tucker, Plaintiff's Police Procedures Expert, who opined within a reasonable degree of professional certainty, that:

> It was reasonably predictable on June 28, 2006 that a person being beaten by a law enforcement officer would attempt to flee to protect themselves from physical harm. It was also reasonably predictable on June 28, 2006 that a person being beaten by a law enforcement officer would flee in a direction where there were no law enforcement officers and, given that the location of the beating was next to the Belcher Canal, Deputies Meslin and Seraphin should have known that by beating Ferguson they were exposing him to an unreasonable risk of serious injury or death.
>
> In this case, Brelengo Cooper testified in his deposition that the deputy was pounding on Ferguson and the blows looked like they were pretty hard (page 55@4-7). Cooper testified that he then saw Ferguson jump up and run away into the bushes (page 28@9).

(See [D.E. 79] Exhibit "L," Melvin Tucker Preliminary Report at P. 4).

Moreover, the Defendants, Deputy Sheriffs Todd Meslin and Ronald Seraphin, also failed to make any attempt to render assistance to Craig Ferguson after he entered the Belcher Canal and made no attempts to save him after they realized he was beginning to struggle and fighting to

Case 2:09-cv-14192-DLG   Document 94   Entered on FLSD Docket 08/26/2010   Page 10 of 13

Ferguson v. Ken J. Mascara, et al.
Case Number: 09-14192-CIV-GRAHAM-LYNCH

stay alive. In fact, Deputy Sheriff Ronald Seraphin testified that he specifically told Deputy Sheriff Todd Meslin not to go into the canal after Craig Ferguson.

As such, the Defendants, Deputy Sheriffs Todd Meslin and Ronald Seraphin, set in motion a fatal sequence of events that exposed Craig Ferguson to a foreseeable and unreasonable risk of serious bodily harm in a manner that evinced a deliberate indifference to his due process rights to be free from serious physical harm or death under the Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983. In essence, the Defendants, Deputy Sheriffs Todd Meslin and Ronald Seraphin, drove Craig Ferguson to the proverbial cliff and then failed to save him. The Defendants, Deputy Sheriffs Todd Meslin and Ronald Seraphin's, conduct is the type of behavior that "shocks the conscience" and gives rise to a Fourteenth Amendment violation. See County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998).

In DeShaney v. Winnebago County Dep't of Social Services, 489 U.S. 189 (1989), the Supreme Court held that a public employee who knows about a danger need not act to avert it; however, the Court also held that law enforcement officials have a duty protect those in custody. DeShaney, 489 U.S. at 199-200. The courts have recognized certain exceptions to the general rule set forth in DeShaney:

> Two exceptions have emerged over the years to DeShaney's general rule that a state is not constitutionally obligated to protect individuals against private violence. Courts refer to these exceptions as 1) the special-relationship doctrine, and 2) the state-created or enhanced danger doctrine. See Uhlrig v. Harder, 64 F.3d 567, 572 (10th Cir.1995), cert. denied, 516 U.S. 1118 (1996); Powell v. Georgia Dept. of Human Resources, 114 F.3d 1074, 1079 (11th Cir.1997); Mitchell v. Duval County School Board, 107 F.3d 837, 838-40 (11th Cir.1997). The Supreme Court has also recognized that conduct which "shocks the conscience" in a constitutional sense may in some circumstances be sufficient to establish a basis for a substantive due process deprivation. See Collins v. City of Harker Heights, 503 U.S. 115, 128 (1992); Rochin v. California, 342 U.S. 165 (1952).

Niziol v. District School Board of Pasco County, 240 F.Supp.2d 1194, 1204 (M.D. Fla. 2002).

Case 2:09-cv-14192-DLG Document 94 Entered on FLSD Docket 08/26/2010 Page 11 of 13

Ferguson v. Ken J. Mascara, et al.
Case Number: 09-14192-CIV-GRAHAM-LYNCH

In Wyke v. Polk County School Board, 129 F.3d 560 (11th Cir. 1997), the Eleventh Circuit recognized that "[t]he language in DeShaney does indeed 'leave room' for state liability where the state creates a danger or renders an individual more vulnerable to it." Wyke, 129 F.3d at 567; citing, Kneipp v. Tedder, 95 F.3d 1199, 1208-11 (3rd Cir. 1996)(holding that police officer's interference rendered intoxicated plaintiff more vulnerable to harm). The Seventh Circuit addressed the "state-created or enhanced danger doctrine" exception in Richman v. Sheahan, 512 F.3d 876 (7th Cir. 2008), wherein it noted that: "there is an exception for the case in which [a public employee] is responsible for creating the peril that creates an occasion for rescue, as when, having arrested a drunken driver, [a police] officer removes the key from the ignition of his car, as a result stranding the passengers late at night in an unsafe neighborhood, and he does nothing to protect them." Richman, 512 F.3d at 885; see also, Reed v. Garner, 986 F.2d 1122 (7th Cir. 1993)(holding that a plaintiff may state claims for civil rights violations if they allege state action that creates, or substantially contributes to the creation of, a danger or renders citizens more vulnerable to a danger that they otherwise would have been); see also, Graham v. Independent Sch. Dist. No. I-89, 22 F.3d 991 (10th Cir.1994).

In light of the aforementioned and the record evidence obtained in this case, the evidence at trial will show that the Defendants, Deputy Sheriffs Todd Meslin and Ronald Seraphin, engaged in a course of conduct that placed Craig Ferguson in danger of sustaining serious bodily injury and/or death and took no actions to protect Craig Ferguson from that danger. The foregoing acts and omissions of the Defendants, Deputy Sheriffs Todd Meslin and Ronald Seraphin, were deliberately indifferent to and the moving force behind the violation of Craig Ferguson's constitutional due process rights under the Fourteenth Amendment to the United States Constitution.

Ferguson v. Ken J. Mascara, et al.
Case Number: 09-14192-CIV-GRAHAM-LYNCH

### C. Defendant Sheriff Mascara is Directly and/or Vicariously Liable for his Deputies' Failure to Save Craig Ferguson from Drowning

Under well-settled Florida law, a law enforcement officer has a duty of care to protect detainees from personal harm. Johnson v. Cannon, 947 F.Supp. 1567, 1573-74 (M.D. Fla. 1996); citing, Kaisner v. Kolb, 543 So. 2d 732, 734 (Fla. 1989)(finding that the plaintiff was owed a duty of care by police officers when she was directed to stop and subsequently assaulted by the officer); see also, Hennagan v. Department of Highway Safety and Motor Vehicles, 467 So. 2d 748 (Fla. 1st DCA 1985)(trial court erred in dismissing complaint on sovereign immunity grounds where police officer pretextually arrested a minor and later sexually molested her).

Similarly, the court in Kaisner found that "where a defendant's conduct creates a foreseeable zone of risk, the law generally… recognize[s] a duty placed upon defendant either to lessen the risk or see that sufficient precautions are taken to protect others from harm that the risk poses." Kaisner, 543 So. 2d at 735-36; Henderson v. Bowden, 737 So. 2d 532, 537 (Fla. 1999)(holding that a sheriff's deputies owed the plaintiff's decedents a duty of care because the deputies' conduct during a roadside detention placed the decedents in a foreseeable zone of risk, that would not have otherwise existed); see also, Farabee v. Rider, 995 F.Supp. 1398, 1402-03 (M.D. Fla. 1998).

For the reasons stated above, the Defendants, Deputy Sheriffs Todd Meslin and Ronald Seraphin's, course of conduct exposed Craig Ferguson to a foreseeable and unreasonable risk of serious bodily harm and/or death, that he would not have otherwise been exposed to and then took no affirmative steps to protect him from that risk.  Accordingly, the Defendant Sheriff Ken J. Mascara, in his official capacity as the Sheriff of St. Lucie County, is directly and/or vicariously liable for the acts and/or omissions of the deputy sheriffs, agents and employees of

Ferguson v. Ken J. Mascara, et al.
Case Number: 09-14192-CIV-GRAHAM-LYNCH

the St. Lucie County Sheriff's Office including, Deputy Sheriffs Todd Meslin and Ronald Seraphin.

## CONCLUSION

Based on the foregoing, the Plaintiff, Deborah Ferguson as Personal Representative of the Estate of Craig Ferguson, respectfully requests that this Honorable Court enter an Order granting the amendment to conform the pleadings to proof in accordance with the proposed Second Amended Complaint attached hereto as **Exhibit "A**," and deem the Second Amended Complaint filed pursuant to the filing of the instant Motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed a copy of the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to: Garrett S. Elsinger, Esq., Purdy, Jolly, Giuffreda & Barranco, P.A., *Attorneys for Defendants*, at 2455 East Sunrise Boulevard, Suite 1216, Fort Lauderdale, Florida 33304, and Ana T. Barnett, Esquire, Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, P.A., *Co-Counsel for Plaintiff*, Museum Tower - Suite 2200, 150 W. Flagler Street, Miami, Florida 33130.on this 26th day of August, 2010.

                                                     s/Robert B. Boyers, Esq.
ROBERT B. BOYERS (Fla. Bar No. 100978)
E-mail: rboyers@hannonboyers.com
JANPAUL PORTAL (Fla. Bar No. 0567264)
E-mail: jportal@hannonboyers.com
HANNON & BOYERS, P.A.
1395 Brickell Avenue, Suite 980
Miami, Florida 33131
Telephone: (305) 358-3109
Facsimile: (305) 373-2823
*Attorneys for Plaintiff*