UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 09-14192-CIV-GRAHAM/LYNCH**

ESTATE OF CRAIG FERGUSON,
by and through his personal representative
DEBORAH FERGUSON,

        Plaintiff,

vs.

SHERIFF KEN J. MASCARA, as Sheriff of
ST. LUCIE COUNTY, the ST. LUCIE COUNTY
SHERIFF'S OFFICE and its agents, servants,
employees, employers, officers of St. Lucie
County, Florida, et al., TODD MESLIN and
RONALD SERAPHIN, individually, and in
their official capacities as Deputy Sheriffs of
the St. Lucie County Sheriff's Office,

        Defendants.

_____/

## SECOND AMENDED COMPLAINT

The Plaintiff, DEBORAH FERGUSON, as Personal Representative of the Estate

of CRAIG FERGUSON, sues the Defendants, SHERIFF KEN J. MASCARA, as Sheriff

of ST. LUCIE COUNTY, the ST. LUCIE COUNTY SHERIFF'S OFFICE and its agents,

servants, employees, employers, officers of St. Lucie County, Florida, et al., TODD

MESLIN and RONALD SERAPHIN, individually and in their official capacities as

Deputy Sheriffs of the St. Lucie County Sheriff's Office, and alleges as follows:

## GENERAL ALLEGATIONS

1.      This is a wrongful death action arising out of the violation of the decedent,

CRAIG FERGUSON's constitutional rights under the Fourth and Fourteenth

Amendments of the United States Constitution pursuant to 42 U.S.C. Sections 1983 and

Ferguson v. Ken J. Mascara, et al.
Case Number: 09-14192-CIV-GRAHAM-LYNCH

1988, and under Florida tort law, in which the damages at issue exceed One Hundred Thousand Dollars ($100,000), exclusive of interest and costs.

2.      The Plaintiff, DEBORAH FERGUSON, was and is a resident of Broward County, Florida, and has been appointed as the Personal Representative of the Estate of CRAIG FERGUSON.

3.      At all times material, SHERIFF KEN J. MASCARA (hereinafter referred to as "SHERIFF MASCARA"), was and is the elected Sheriff of St. Lucie County, Florida.  At all times material hereto, SHERIFF MASCARA was and is responsible for the administration of law enforcement service in St. Lucie County, Florida.

4.      At all times material, SHERIFF KEN J. MASCARA was acting under the color of state law inasmuch as he was serving in the capacity of Sheriff of St. Lucie County and presiding over the St. Lucie County Sheriff's Office on June 28, 2006.

5.      At all times material, SHERIFF MASCARA, as Sheriff, was and is responsible for the conduct of the deputies in his employ and ensuring that his deputies, employees, servants and agents obey the laws of the State of Florida and the United States.

6.      At all times material, the Defendant, ST. LUCIE COUNTY SHERIFF'S OFFICE (hereinafter referred to as the "SLSO"), was and is a law enforcement agency within the State of Florida, and is charged with the responsibility of providing for the protection of life and property of the citizens within St. Lucie County.

7.      The Defendant SLSO, at all times material, acted by and through its deputies, agents, servants, and/or employees, including, but not limited to, SHERIFF KEN J. MASCARA, Deputy Sheriff TODD MESLIN, and Deputy Sheriff RONALD

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

2

Ferguson v. Ken J. Mascara, et al.
Case Number: 09-14192-CIV-GRAHAM-LYNCH

SERAPHIN, and the law enforcement officers of Defendant SLSO, who at all times conducted themselves within the course and scope of their employment and/or agency relationships and were acting under color of state law when they stopped and attempted to arrest CRAIG FERGUSON on June 28, 2006.

8.    At all times material, the Defendant, Deputy Sheriff TODD MESLIN (hereinafter referred to as the "Defendant MESLIN"), was and is a duly appointed Deputy Sheriff of St. Lucie County, and was employed by the Defendant SLSO.  At all times material hereto, Defendant MESLIN was acting under color of state law inasmuch as he was acting within the course and scope of his employment and/or agency relationships with the Defendant SLSO when he stopped and attempted to arrest CRAIG FERGUSON on June 28, 2006.

9.    At all times material, the Defendant, Deputy Sheriff RONALD SERAPHIN (hereinafter referred to as the "Defendant SERAPHIN"), was and is a duly appointed Deputy Sheriff of St. Lucie County, and was employed by the Defendant SLSO.  At all times material hereto, Defendant SERAPHIN was acting under color of state law inasmuch as he was acting within the course and scope of his employment and/or agency relationships with the Defendant SLSO when he participated in the attempted arrest of CRAIG FERGUSON on June 28, 2006.

10.    It is alleged that the federal violations asserted herein were committed as a result of the deliberate indifference to the constitutional rights of CRAIG FERGUSON by all of the Defendants.

11.    The acts and practices constituting the violations alleged herein have occurred in St. Lucie County, Florida.  In connection with the acts, practices and

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

3

Ferguson v. Ken J. Mascara, et al.
Case Number: 09-14192-CIV-GRAHAM-LYNCH

violations alleged herein, each Defendant has, directly or indirectly, violated the constitutional rights of CRAIG FERGUSON.

12.     The Plaintiff has complied with and satisfied all common law and statutory conditions precedent to the bringing of this action, including, but not limited to, the applicable provisions of Florida Statute Section 768.28.

## FACTUAL ALLEGATIONS

13.     On June 28, 2006, at or around 11:08 p.m., Defendant MESLIN, while in a marked SLSO police vehicle, activated his police lights and attempted to conduct a traffic stop of a vehicle being driven by the decedent CRAIG FERGUSON. The decedent CRAIG FERGUSON then proceeded to stop his vehicle at or near the dead end of North 50th Street and Belcher Canal in Ft. Pierce, Florida.

14.     Upon information and belief, Defendants MESLIN and SERAPHIN, and other unknown Deputy Sheriffs of the Defendant SLSO, drew their guns and attempted to apprehend the decedent, CRAIG FERGUSON, in the wooded area at the dead end of North 50th Street.

15.     Upon information and belief, at no time material did the decedent, CRAIG FERGUSON, pose a threat of immediate harm to Defendants MESLIN and SERAPHIN, and other unknown Deputy Sheriffs of the Defendant SLSO.

16.     Defendants MESLIN and SERAPHIN, and other unknown Deputy Sheriffs of the Defendant SLSO, used excessive force during the course of their pursuit and apprehension of the decedent, CRAIG FERGUSON, in that they repeatedly assaulted and severely beat CRAIG FERGUSON.

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

4

17.     On June 29, 2006, at approximately 12:45 a.m., CRAIG FERGUSON's dead body was found in the Belcher Canal at or around the 4900 block of Grady Drive in Ft. Pierce, Florida.

18.     An independent forensic medical examination revealed that the decedent CRAIG FERGUSON, sustained multiple blunt force traumatic injuries to his back, rib cage, right leg, right chest, left shoulder, and suffered an acute spinal cord injury.

19.     As a direct and proximate result of the life threatening and debilitating injuries caused by the Defendants, CRAIG FERGUSON died in the Belcher Canal on June 29, 2006.

20.     By their deliberate indifference, Defendants MESLIN and SERAPHIN, and other unknown Deputy Sheriffs of the Defendant SLSO, encouraged and caused and/or acquiesced in the beating of CRAIG FERGUSON.

21.     Defendants, SHERIFF MASCARA and SLSO, each had a duty to ensure that reasonable measures were taken to provide for the safety of the citizens of St. Lucie County, including, the safety of individuals involved in the pursuit, apprehension and attempted arrest of CRAIG FERGUSON by deputies, agents, servants, and/or employees during the course and scope of their employment and/or agency relationships with the Defendants, SHERIFF MASCARA and SLSO.

22.     Defendants, SHERIFF MASCARA and SLSO, had a duty to train, supervise, control, monitor and otherwise ensure that Defendants MESLIN and SERAPHIN, and other unknown Deputy Sheriffs of the Defendant SLSO, did not violate the constitutional rights of persons including, CRAIG FERGUSON. The Defendants, SHERIFF MASCARA and SLSO's, failure to comply with and/or ensure the appropriate

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

5

Ferguson v. Ken J. Mascara, et al.
Case Number: 09-14192-CIV-GRAHAM-LYNCH

implementation and/or operation of their policies and procedures pertaining to police training in the appropriate methods of detaining and arresting suspected citizens, and to adequately instruct, discipline and supervise their deputies, agents and/or employees, amounts to a deliberate indifference to the right of persons with whom their Deputy Sheriffs came into contact including, CRAIG FERGUSON.

23.     The acts and omissions of all Defendants, and each of them, constitute a course of conduct and/or failure to act amounting to negligence and/or a deliberate indifference to the rights, health, safety and welfare of CRAIG FERGUSON, and those similarly situated, resulting in the deprivation of his constituitonal rights under state and federal law.

24.     The acts and omissions of the Defendants violated clearly established and well settled federal constitutional rights of CRAIG FERGUSON, i.e., unlawful and unreasonable search and seizure and due process under the Fourth and Fourteenth Amendments to the United States Constitution.

25.     As a direct and proximate result of the acts and omissions of the Defendants as set forth above, CRAIG FERGUSON died.

26.     CRAIG FERGUSON is survived by his seven (7) minor children: Craigrison Ferguson (DOB: 04/28/1989); Craigrita Ferguson (DOB: 07/27/1990); Craig R. Ferguson (DOB: 11/2/1991); Jahletha Ferguson (DOB: 08/28/2003); Ailiyah Green (DOB: 03/11/2002); Craig R. Ferguson, Jr. (DOB: 12/08/1995); and Sheila Bora.

### COUNT I

### VIOLATION OF CRAIG FERGUSON'S CONSTITUITONAL RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND UNDER 42 U.S.C. § 1983 AGAINST SHERIFF KEN J. MASCARA

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

6

Ferguson v. Ken J. Mascara, et al.
Case Number: 09-14192-CIV-GRAHAM-LYNCH

27.    Plaintiff realleges and reaffirms all of the allegations contained in paragraphs 1 through 26, and further alleges as follows:

28.    At all times material hereto, Defendant MASCARA was responsible for adopting and implementing the rules and regulations in regard to hiring, screening, training, supervising, controlling, disciplining and assigning deputies, agents and/or employees to their duties within the St. Lucie County Sheriff's Office.

29.    At all times material, Defendant MASCARA was responsible for adopting, implementing, complying and enforcing the rules and regulations in regard to the appropriate methods of detaining and arresting suspected citizens, and to adequately instruct, discipline and supervise the deputies, agents and/or employees of the St. Lucie County Sheriff's Office.

30.    Defendant MASCARA was deliberately indifferent to his duties in that he either expressly or impliedly acknowledged and assented to the failure to train, supervise, control, monitor or otherwise screen employees of the St. Lucie County Sheriff's Office including, but not limited to, Defendants MESLIN and SERAPHIN, and other unknown Deputy Sheriffs of the Defendant SLSO, for excessively violent propensities, lack of training, skill, judgment and/or temperament, or other characteristics making said deputies and employees unfit to perform their duties at the St. Lucie County Sheriff's Office.

31.    The conduct of Defendant MASCARA in his failure to train, supervise and/or discipline his deputy sheriffs, agents and/or employees, was deliberately indifferent to the constitutional rights of all persons including, CRAIG FERGUSON, by among other thing:

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

7

Ferguson v. Ken J. Mascara, et al.
Case Number: 09-14192-CIV-GRAHAM-LYNCH

a.     Engaging in a custom or policy of condoning alleged instances of police brutality without punishing his deputies, agents and/or employees, including, but not limited to, permitting and tolerating the practice of unjustified and unreasonable uses of excessive force by the deputies, agents and/or employees of the St. Lucie County Sheriff's Office under the color of law;

b.     Engaging in a custom or policy to inadequately and improperly investigate citizen complaints of police misconduct;

c.     Failing to adequately and appropriately train, supervise, control, monitor deputies, agents and/or employees of the St. Lucie County Sheriff's Office in regards to the appropriate methods of detaining and arresting suspected citizens;

d.     Failing to adequately and appropriately train, supervise, control, and monitor the deputies, agents and/or employees of the St. Lucie County Sheriff's Office in regards to the proper use of force during the apprehension and arrest of suspected citizens including, CRAIG FERGUSON.

32.     Defendant MASCARA abdicated his oversight responsibilities, thereby allowing the Defendants MESLIN and SERAPHIN, and other unknown Deputy Sheriffs of the Defendant SLSO, to ignore the requirements of law and the policies of the St. Lucie County Sheriff's Office and constituted a deliberate indifference of the constitutional rights of all persons including, CRAIG FERGUSON.

33.     The foregoing acts, omissions, policies or customs of Defendant MASCARA caused the Defendants MESLIN and SERAPHIN, and other unknown Deputy Sheriffs of the Defendant SLSO, to violate CRAIG FERGUSON's constitutional rights under the Fourth and Fourteenth Amendment to the United States Constitution.

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

8

Ferguson v. Ken J. Mascara, et al.
Case Number: 09-14192-CIV-GRAHAM-LYNCH

34.     The deliberate indifference of Defendant MASCARA violated the constitutional rights of all persons including, CRAIG FERGUSON, for which 42 U.S.C. § 1983 provides a remedy.

35.     As a direct and proximate result of the deliberate indifference of Defendant MASCARA, CRAIG FERGUSON was assaulted and severely beaten by Defendants MESLIN and SERAPHIN, and other unknown Deputy Sheriffs of the Defendant SLSO, resulting in multiple blunt force traumatic injuries to his back, rib cage, right leg, right chest, left shoulder, and an acute spinal cord injury and subsequent drowning death.  As such, Defendant MASCARA is liable for the tragic and untimely death suffered by CRAIG FERGUSON.

36.     As a direct and proximate result of the foregoing acts and omissions of Defendant MASCARA, DEBORAH FERGUSON as the Personal Representative of the Estate of CRAIG FERGUSON, is entitled to recover all damages allowed, pursuant to Florida's Wrongful Death Act, § 768.16, *et. seq.,* Florida Statutes, and other applicable Florida and federal law.  These damages include, but are not limited to, the following:

      a.     Medical and funeral expenses;

      b.     Loss of net accumulations beyond death; and

      c.     All damages allowable under Florida and federal law.

37.     As a direct and proximate result of the foregoing acts and omissions of Defendant MASCARA, CRAIG FERGUSON's surviving children are entitled to recover:

      a.     Mental pain and suffering from the date of death;

      b.     Loss of support and services from the date of injury to death, with interest;

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

9

Ferguson v. Ken J. Mascara, et al.
Case Number: 09-14192-CIV-GRAHAM-LYNCH

    c.      Future loss of support and services from the date of death;

    d.      Loss of their father's companionship, instruction and guidance; and

    e.      All damages allowable under Florida and federal law.

WHEREFORE, the Plaintiff, DEBORAH FERGUSON as the Personal Representative of the Estate of CRAIG FERGUSON, demands judgment for damages against the Defendant, SHERIFF KEN J. MASCARA, in excess of One Hundred Thousand Dollars ($100,000.00), plus interest, costs and attorney's fees pursuant to 42 U.S.C. § 1988, and all other relief deemed just and proper under the circumstances, and demands a trial by jury of all issues triable as a matter of right by a jury.

## COUNT II

### VIOLATION OF CRAIG FERGUSON'S CONSTITUITONAL RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND UNDER 42 U.S.C. § 1983 AGAINST TODD MESLIN

38.    Plaintiff realleges and reaffirms all of the allegations contained in paragraphs 1 through 26, and further alleges as follows:

39.    At all times material hereto, Defendant MESLIN used excessive force under the color of state law when he stopped and attempted to arrest CRAIG FERGUSON on June 28, 2006, in violation of CRAIG FERGUSON's constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution.

40.    Defendant MESLIN inflicted severe injury upon CRAIG FERGUSON that was grossly disproportionate to the force necessary to detain and arrest CRAIG FERGUSON, which constitutes a deliberate indifference to CRAIG FERGUSON's

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

10

Ferguson v. Ken J. Mascara, et al.
Case Number: 09-14192-CIV-GRAHAM-LYNCH

constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution.

41.    The deliberate indifference of Defendant MESLIN violated the constitutional rights of all persons including, CRAIG FERGUSON, for which 42 U.S.C. § 1983 provides a remedy.

42.    As a direct and proximate result of the deliberate indifference of Defendant MESLIN, CRAIG FERGUSON was assaulted and severely beaten resulting in multiple blunt force traumatic injuries to his back, rib cage, right leg, right chest, left shoulder, and an acute spinal cord injury and subsequent drowning death.  As such, Defendant MESLIN is liable for the tragic and untimely death suffered by CRAIG FERGUSON.

43.    At all times material hereto, Defendant MESLIN violently beat Craig Ferguson in a grassy area near the Belcher Canal embankment while CRAIG FERGUSON was in his custody. Defendant MESLIN continued beating CRAIG FERGUSON into the bushes that were perilously close to the edge of the embankment.

44.    At all times material hereto, Defendant MESLIN exposed CRAIG FERGUSON to an unreasonably high risk of fatal harm when he failed to undertake reasonable efforts to prevent CRAIG FERGUSON from entering the Belcher Canal, which he himself claims was too dangerous for him to venture into.

45.    Once CRAIG FERGUSON entered the canal, Defendant MESLIN failed to act swiftly to prevent him from getting too far out across the canal to be saved.

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

11

Ferguson v. Ken J. Mascara, et al.
Case Number: 09-14192-CIV-GRAHAM-LYNCH

46.     Defendant MESLIN made a conscious decision to do nothing to save CRAIG FERGUSON from the mortal danger to which Defendant MESLIN had unreasonably and unconscionably exposed him to.

47.     This sequence of acts and omissions by Defendant MESLIN clearly evinced a deliberate indifference to the rights, health, safety and welfare of CRAIG FERGUSON, resulting in the deprivation of his Fourteenth Amendment due process rights to be protected from harm, including, serious bodily harm and/or death pursuant to 42 U.S.C. § 1983.

48.     As a direct and proximate result of the foregoing acts and omissions of Defendant MESLIN, DEBORAH FERGUSON as the Personal Representative of the Estate of CRAIG FERGUSON, is entitled to recover all damages allowed, pursuant to Florida's Wrongful Death Act, § 768.16, *et. seq.,* Florida Statutes, and other applicable Florida and federal law.  These damages include, but are not limited to, the following:

      a.      Medical and funeral expenses;

      b.      Loss of net accumulations beyond death; and

      c.      All damages allowable under Florida and federal law.

49.     As a direct and proximate result of the foregoing acts and omissions of Defendant MESLIN, CRAIG FERGUSON's surviving children are entitled to recover:

      a.      Mental pain and suffering from the date of death;

      c.      Loss of support and services from the date of injury to death, with interest;

      c.      Future loss of support and services from the date of death;

      d.      Loss of their father's companionship, instruction and guidance; and

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

12

Ferguson v. Ken J. Mascara, et al.
Case Number: 09-14192-CIV-GRAHAM-LYNCH

e.      All damages allowable under Florida and federal law.

WHEREFORE, the Plaintiff, DEBORAH FERGUSON as the Personal Representative of the Estate of CRAIG FERGUSON, demands judgment for damages against the Defendant, TODD MESLIN, in excess of One Hundred Thousand Dollars ($100,000.00), plus interest, costs and attorney's fees pursuant to 42 U.S.C. § 1988, and all other relief deemed just and proper under the circumstances, and demands a trial by jury of all issues triable as a matter of right by a jury.

## COUNT III

## VIOLATION OF CRAIG FERGUSON'S CONSTITUITONAL RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND UNDER 42 U.S.C. § 1983 AGAINST RONALD SERAPHIN

50.      Plaintiff realleges and reaffirms all of the allegations contained in paragraphs 1 through 26, and further alleges as follows:

51.      At all times material hereto, Defendant SERAPHIN used excessive force under the color of state law when he stopped and attempted to arrest CRAIG FERGUSON on June 28, 2006, in violation of CRAIG FERGUSON's constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution.

52.      Defendant SERAPHIN inflicted severe injury upon CRAIG FERGUSON that was grossly disproportionate to the force necessary to detain and arrest CRAIG FERGUSON, which constitutes a deliberate indifference to CRAIG FERGUSON's constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution.

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

13

Ferguson v. Ken J. Mascara, et al.
Case Number: 09-14192-CIV-GRAHAM-LYNCH

53.     The deliberate indifference of Defendant SERAPHIN violated the constitutional rights of all persons including, CRAIG FERGUSON, for which 42 U.S.C. § 1983 provides a remedy.

54.     As a direct and proximate result of the deliberate indifference of Defendant SERAPHIN, CRAIG FERGUSON was assaulted and severely beaten resulting in multiple blunt force traumatic injuries to his back, rib cage, right leg, right chest, left shoulder, and an acute spinal cord injury and subsequent drowning death.  As such, Defendant SERAPHIN is liable for the tragic and untimely death suffered by CRAIG FERGUSON.

55.     At all times material hereto, Defendant SERAPHIN violently beat Craig Ferguson in a grassy area near the Belcher Canal embankment while CRAIG FERGUSON was in his custody. Defendant SERAPHIN continued beating CRAIG FERGUSON into the bushes that were perilously close to the edge of the embankment.

56.     At all times material hereto, Defendant SERAPHIN exposed CRAIG FERGUSON to an unreasonably high risk of fatal harm when he failed to undertake reasonable efforts to prevent CRAIG FERGUSON from entering the Belcher Canal, which he himself claims was too dangerous for him to venture into.

57.     Once CRAIG FERGUSON entered the canal, Defendant SERAPHIN failed to act swiftly to prevent him from getting too far out across the canal to be saved.

58.     Defendant SERAPHIN made a conscious decision to do nothing to save CRAIG FERGUSON from the mortal danger to which Defendant SERAPHIN had unreasonably and unconscionably exposed him to.

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

14

Ferguson v. Ken J. Mascara, et al.
Case Number: 09-14192-CIV-GRAHAM-LYNCH

59.     This sequence of acts and omissions by Defendant SERAPHIN clearly evinced a deliberate indifference to the rights, health, safety and welfare of CRAIG FERGUSON, resulting in the deprivation of his Fourteenth Amendment due process rights to be protected from harm, including, serious bodily harm and/or death pursuant to 42 U.S.C. § 1983.

60.     As a direct and proximate result of the foregoing acts and omissions of Defendant SERAPHIN, DEBORAH FERGUSON as the Personal Representative of the Estate of CRAIG FERGUSON, is entitled to recover all damages allowed, pursuant to Florida's Wrongful Death Act, § 768.16, *et. seq.,* Florida Statutes, and other applicable Florida and federal law.  These damages include, but are not limited to, the following:

a.     Medical and funeral expenses;

b.     Loss of net accumulations beyond death; and

c.     All damages allowable under Florida and federal law.

61.     As a direct and proximate result of the foregoing acts and omissions of Defendant SERAPHIN, CRAIG FERGUSON's surviving children are entitled to recover:

a.     Mental pain and suffering from the date of death;

d.     Loss of support and services from the date of injury to death, with interest;

c.     Future loss of support and services from the date of death;

d.     Loss of their father's companionship, instruction and guidance; and

e.     All damages allowable under Florida and federal law.

WHEREFORE, the Plaintiff, DEBORAH FERGUSON as the Personal Representative of the Estate of CRAIG FERGUSON, demands judgment for damages

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

15

Ferguson v. Ken J. Mascara, et al.
Case Number: 09-14192-CIV-GRAHAM-LYNCH

against the Defendant, RONALD SERAPHIN, in excess of One Hundred Thousand Dollars ($100,000.00), plus interest, costs and attorney's fees pursuant to 42 U.S.C. § 1988, and all other relief deemed just and proper under the circumstances, and demands a trial by jury of all issues triable as a matter of right by a jury.

## COUNT IV

### CLAIM OF NEGLIGENCE AGAINST SHERIFF KEN J. MASCARA

62.     Plaintiff realleges and reaffirms all of the allegations contained in paragraphs 1 through 26, and further alleges as follows:

63.     At all material times, Defendant MASCARA acted through his deputy sheriffs, agents, and employees of the St. Lucie County Sheriff's Office, and owed a duty to the public, including CRAIG FERGUSON, to exercise reasonable care in the training, supervision, control, and monitoring of the Defendants MESLIN and SERAPHIN, and other unknown Deputy Sheriffs of the Defendant SLSO, to ensure that they did not violate the constitutional rights of persons including, CRAIG FERGUSON.

64.     At all material times, Defendant MASCARA through his deputy sheriffs, agents, and employees of the St. Lucie County Sheriff's Office, owed a duty to the public, including the CRAIG FERGUSON, to exercise reasonable and ordinary care to adequately and appropriately train, supervise, discipline, control, and monitor the deputies, agents and/or employees of the St. Lucie County Sheriff's Office in regards to the proper use of force during the apprehension and arrest of suspected citizens including, CRAIG FERGUSON.

65.     In particular, Defendant MASCARA had a duty to take such precautions as were reasonably necessary to protect the public, including CRAIG FERGUSON, from

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

16

Ferguson v. Ken J. Mascara, et al.
Case Number: 09-14192-CIV-GRAHAM-LYNCH

bodily harm due to the use of excessive force by his deputy sheriffs, agents, and employees of the St. Lucie County Sheriff's Office, which such use of excessive force was reasonably foreseeable.

66.     At all material times, Defendant MASCARA through his deputy sheriffs, agents, and employees of the St. Lucie County Sheriff's Office, is directly and/or vicariously liable for his own negligence and also for the negligence of his deputy sheriffs, agents, and employees of the St. Lucie County Sheriff's Office who at all times conducted themselves within the course and scope of his employment and/or agency relationships with the Defendant SLSO when they  participated in the attempted arrest of CRAIG FERGUSON on June 28, 2006.

67.     Defendant MASCARA did himself and/or by and through his deputy sheriffs, agents, and employees of the St. Lucie County Sheriff's Office, breach his duty to exercise reasonable care for the safety and protection of the public including,  CRAIG FERGUSON, and acted in a careless and negligent manner through the following acts of omission or commission:

a.     Failing to adopt, implement, comply and/or enforce adequate policies, measures and procedures regarding the appropriate methods of detaining and arresting suspected citizens;

b.     Failing to adopt, implement, comply and/or enforce adequate policies, measures and procedures to adequately and properly investigate citizen complaints of police misconduct;

c.     Failing to adequately and appropriately train, supervise, control, and monitor the deputies, agents and/or employees of the St. Lucie County Sheriff's

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

17

Ferguson v. Ken J. Mascara, et al.
Case Number: 09-14192-CIV-GRAHAM-LYNCH

Office in regards to the proper use of force during the apprehension and arrest of suspected citizens including, CRAIG FERGUSON;

   d. Failing to prevent the assault and use of excessive force on CRAIG FERGUSON; and

   e. Additional acts of negligence not yet discovered.

  68. As a direct and proximate result of the negligent acts and/or omissions of Defendant MASCARA through his deputy sheriffs, agents, and employees of the St. Lucie County Sheriff's Office, CRAIG FERGUSON was assaulted and severely beaten by Defendants MESLIN and SERAPHIN, and other unknown Deputy Sheriffs of the Defendant SLSO, resulting in multiple blunt force traumatic injuries to his back, rib cage, right leg, right chest, left shoulder, and an acute spinal cord injury and subsequent drowning death.  As such, Defendant MASCARA is directly and vicariously liable for the tragic and untimely death suffered by CRAIG FERGUSON.

  69. At all material times, Defendant MASCARA, in his official capacity as the Sheriff of St. Lucie County, also had a duty to exercise reasonable and ordinary care for the safety and protection of individuals including, CRAIG FERGUSON, who are exposed to a foreseeable and unreasonable risk of harm as a result of the conduct of the deputy sheriffs, agents and/or employees of the St. Lucie County Sheriff's Office including, Defendants MESLIN and SERAPHIN.

  70. Defendant MASCARA, in his official capacity as the Sheriff of St. Lucie County, by and through the deputy sheriffs, agents and/or employees of the St. Lucie County Sheriff's Office including, Defendants MESLIN and SERAPHIN, breached their duty to exercise reasonable care for the safety and protection of CRAIG FERGUSON and

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

18

Ferguson v. Ken J. Mascara, et al.
Case Number: 09-14192-CIV-GRAHAM-LYNCH

acted in a careless and negligent manner through the following acts of omission or commission:

a.      Failing to exercise reasonable care to avoid exposing CRAIG FERGUSON and/or to prevent CRAIG FERGUSON from being exposed to a foreseeable and unreasonable risk of serious bodily injury and/or death;

b.      Failing to exercise reasonable care to save CRAIG FERGUSON from the unreasonable risk of fatal harm to which Defendants MESLIN and SERAPHIN had exposed him once this risk had materialized;

c.      Failing to protect CRAIG FERGUSON from the negligent or intentional acts of others, including, but not limited to, the deputy sheriffs, agents and/or employees of the St. Lucie County Sheriff's Office including, Defendants MESLIN and SERAPHIN; and

d.      Failing to prevent CRAIG FERGUSON's untimely death by drowning

71.      As a direct and proximate result of the foregoing negligent acts and/or omissions of the Defendant, MASCARA, or those, for whom he is vicariously liable including, but not limited to, the deputy sheriffs, agents and/or employees of the St. Lucie County Sheriff's Office including, Defendants MESLIN and SERAPHIN, CRAIG FERGUSON died.

72.      As a direct and proximate result of the foregoing acts and omissions of Defendant MASCARA, DEBORAH FERGUSON as the Personal Representative of the Estate of CRAIG FERGUSON, is entitled to recover all damages allowed, pursuant to

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

19

Ferguson v. Ken J. Mascara, et al.
Case Number: 09-14192-CIV-GRAHAM-LYNCH

Florida's Wrongful Death Act, § 768.16, *et. seq.,* Florida Statutes, and other applicable Florida and federal law.  These damages include, but are not limited to, the following:

      a.      Medical and funeral expenses;

      b.      Loss of net accumulations beyond death; and

      c.      All damages allowable under Florida and federal law.

73.      As a direct and proximate result of the foregoing acts and omissions of Defendant MASCARA, CRAIG FERGUSON's surviving children are entitled to recover:

      a.      Mental pain and suffering from the date of death;

      b.      Loss of support and services from the date of injury to death, with interest;

      c.      Future loss of support and services from the date of death;

      d.      Loss of their father's companionship, instruction and guidance; and

      e.      All damages allowable under Florida and federal law.

WHEREFORE, the Plaintiff, DEBORAH FERGUSON as the Personal Representative of the Estate of CRAIG FERGUSON, demands judgment for damages against the Defendant, SHERIFF KEN J. MASCARA, in excess of One Hundred Thousand Dollars ($100,000.00), plus interest, costs and attorney's fees as allowable by law, and all other relief deemed just and proper under the circumstances, and demands a trial by jury of all issues triable as a matter of right by a jury.

DATED this 26<u>th</u> day of August 2010.

Respectfully submitted,

**HANNON & BOYERS, P.A.**
Attorneys for Plaintiffs

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

20

Ferguson v. Ken J. Mascara, et al.
Case Number: 09-14192-CIV-GRAHAM-LYNCH

ESPIRITO SANTO PLAZA
1395 Brickell Avenue, Suite 980
Miami, Florida  33131
Telephone: (305) 358-3109
Facsimile:  (305) 373-2823

**s/Robert B. Boyers, Esq.**
**ROBERT B. BOYERS**
Fla. Bar No. 100978
**JANPAUL PORTAL**
Fla. Bar No. 0567264

### <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I electronically filed a copy of the foregoing with the

Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing

to: Garrett S. Elsinger, Esq., Purdy, Jolly, Giuffreda & Barranco, P.A., *Attorneys for*

*Defendants*, at 2455 East Sunrise Boulevard, Suite 1216, Fort Lauderdale, Florida 33304,

and Ana T. Barnett, Esquire, Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson,

P.A., *Co-Counsel for Plaintiff*, Museum Tower - Suite 2200, 150 W. Flagler Street,

Miami, Florida  33130.on this 26<u>th</u> day of August, 2010.

**s/Robert B. Boyers, Esq.**
ROBERT B. BOYERS (Fla. Bar No. 100978)
E-mail:  rboyers@hannonboyers.com
JANPAUL PORTAL (Fla. Bar No. 0567264)
E-mail:  jportal@hannonboyers.com
HANNON & BOYERS, P.A.
1395 Brickell Avenue, Suite 980
Miami, Florida  33131
Telephone: (305) 358-3109
Facsimile:  (305) 373-2823
*Attorneys for Plaintiff*

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

21